Following a plea of Guilty to a charge of Aggravated Vehicular Assault, a fourth degree felony, R.C. 2903.08, the Washington County Common Pleas Court sentenced Carl Robison to imprisonment in the Correctional Reception Center at Orient, Ohio, for a definite period of eighteen months, plus costs.
The trial court executed an explanatory opinion in its decision overruling a Motion to Stay Execution of Sentence.
Defendant appeals assigning a single error:
 "THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO A MAXIMUM PRISON TERM OF EIGHTEEN MONTHS, UPON HIS GUILTY PLEA TO AGGRAVATED VEHICULAR ASSAULT, WHERE APPELLANT HAD NO PRIOR FELONY RECORD."
On November 9, 1996, appellant failed to stop for a red light in Marietta, Ohio, and his vehicle struck a vehicle of a mother and son, who sustained personal injuries. His blood alcohol level was 0.189.
Although he has no prior felony convictions on his record he has several OMVI convictions. He advised the pre-sentence investigator that he may be an alcoholic and was open to counseling. He was currently receiving unemployment compensation in anticipation of his return to work.
Appellant argues that the only criterion in evaluating sentence pursuant to R.C. 2929.12(B) potentially applicable to this case is that the victim suffered serious physical harm. R.C. 2929.12(B)(2). She had to have surgery on her broken ankle, and screws were permanently inserted. Defendant's wife was also injured in the accident.
He claims in mitigation that the victim has largely recovered, he was insured at the time of the accident, he has a wife and children to support, and his prior employer found him to be a good worker.
Appellant argues that the legally appropriate sentence would be six months incarceration.
We attach hereto the sentencing order of the court and the decision upon post-trial motion to stay.
There is clear and convincing evidence in the record that the court complied with the legal provisions of R.C. 2929.11, .12, and that, based upon the findings of the court, the court acted according to law and made its order in the exercise of sound discretion. See State v. Rivers (February 26, 1998), Marion App. No. 9-97-76, unreported.
The single assignment of error is overruled, and the judgment of the Washington County Common Pleas Court is affirmed.
JUDGMENT AFFIRMED
 IN THE COMMON PLEAS COURT WASHINGTON COUNTY, OHIO
THE STATE OF OHIO * CASE NO. 97-CR-13 Plaintiff * vs. * JUDGE LANE CARL NELSON ROBISON, JR. * Defendant * JOURNAL ENTRY: SENTENCING
This matter came on for sentencing hearing this 29th day October, 1997, the defendant, Carl Nelson Robison, Jr., being in open Court accompanied by his attorney, Raymond H. Smith. Michael G. Spahr, Prosecuting Attorney for Washington County appeared on behalf of the State of Ohio.
The Court notes for the record that on September 23, 1997, the Defendant appeared in open Court, and entered a plea of Guilty to Aggravated Vehicular Assault, a felony of the fourth degree, in violation of Section 2903.08, Revised Code of Ohio, as charged in the Indictment and to having been under the influence of alcohol at the time of the commission of the offense, and the Court having continued the cause for pre-sentence investigation and report by the Adult Probation Department.
Whereupon, the Court reviewed the facts of the case.
And the Court finding that the Adult Probation Department has fully investigated and filed its written report herein on the circumstances of the offense, criminal record and social history of the defendant and such other matters as came to its attention; the Court having received the pre-sentence report October 27, 1997.
Whereupon, the Court inquired of the Prosecuting Attorney, Michael G. Spahr, if he desired to make a statement, and Mr. Spahr made no statement.
Whereupon, the Court inquired of Attorney Raymond H. Smith if he desired to make a statement on behalf of the defendant, and Attorney Smith made a statement.
Whereupon, the court inquired of the defendant if he wished to make a statement in his own behalf or present any information in mitigation of punishment, and the defendant made no statement.
Whereupon, the Court FINDS, pursuant to Ohio Revised Code Section 2929.14(B), that the shortest prison term possible will demean the seriousness of the offense and/or will not adequately protect the public and therefore imposes a greater term.
The Court further FINDS that a prison term is consistent with the purposes and principles of sentencing to protect the public from further crime and to punish the offender. The Court FINDS that the offender is not amenable to any available community control sanction.
Whereupon, the Court FINDS that the following prison factors are present:
1. The defendant caused physical harm to Christina Henry, and the child, Eric Henry, still suffers phychological problems, as a result of the offense.
2. The defendant had a high blood alcohol content.
3. The defendant had prior criminal convictions.
4. Section 2903.08 requires a mandatory prison term.
The Court FINDS that the offender poses the greatest liklihood of recidivism.
Therefore, be it ORDERED and ADJUDGED that upon consideration of the pre-sentence investigation and report, and upon statements made in open Court this day, and upon the further consideration of the factors set forth in Section 2951.02,2929.11, 2929.12, and 2929.13, Revised Code of Ohio, and upon the defendant's plea of Guilty to the offense of Aggravated Vehicular Assault, a felony of the fourth degree, in violation of Ohio Revised Code Section 2903.08, as charged in the Indictment and to having been under the influence of alcohol at the time of the commission of the offense, the defendant, Carl N. Robison, Jr., be imprisoned and confined in the Correctional Reception Center at Orient, Ohio, for a definite period of eighteen (18) months, and the defendant is to pay the costs of prosecution herein. The sentence herein imposed is mandatory and the defendant is not eligible for a sentence to a community control sanction pursuant to section 2929.13 of the Revised Code, for judicial release pursuant to Section 2929.20 of the Revised Code, or for a reduction of a stated prison term or a release pursuant to section 2967.193 [2967.19.3] of the Revised Code or any other provision of Chapter 2967 or Chapter 5120 Of the Revised Code.
It is further ORDERED that the defendant's Operator's License is PERMANENTLY REVOKED.
The Court has determined that imposing the minimum sentence would not be adequate to protect the public nor to punish the offender. The Court makes its findings based upon the following factors:
1. The defendant has a long history of criminal activity.
2. The defendant poses the greatest likelihood of recidivism.
Whereupon, the Court ORDERS the following financial sanctions upon the defendant, Carl N. Robison, Jr.:
1. The defendant is ORDERED to pay costs of prosecution within one (1) year.
2. The defendant is ORDERED to make restitution to the victim in an amount yet to be determined.
The Court has notified the defendant that "bad time" may be imposed by the Parole Board under Revised Code Section 2967.11
for certain rule violations committed while in prison. The defendant is ordered to serve as part of this sentence any "bad time" imposed.
The Court has further notified the defendant that post release control is optional in this case up to a maximum of three (3) years, as well as the consequences for violating conditions of post release control imposed by the Parole Board under Revised Code section 2967.28. The defendant is ordered to serve as part of this sentence any term of post release control imposed by the Parole Board, and any prison term for violation of that post-release control.
Whereupon, the defendant is remanded to the custody of the Washington County Sheriff for transport to the institution.
 --------------------------------- Michael G. Spahr Prosecuting Attorney
 --------------------------------- Raymond H. Smith Attorney for Carl N. Robison, Jr.
ENTER:
------------------------------ Hon. Ed Lane, Judge
COMMON PLEAS COURT WASHINGTON COUNTY, OHIO
State of Ohio : Plaintiff : Case No. 97 CR 13 V : Judge Ed Lane Carl Robison : Defendant : DECISION
: (On Motion Of Stay of : Execution of Sentence)
The Defendant, Carl Robison, filed a Motion For Stay Of Execution Of Sentence in the above styled action on November 12, 1997.
This Defendant was indicted by the Grand Jury of Washington County, Ohio on January 16, 1997 for Aggravated Vehicular Assault in violation of Section 2903.08 O.R.C. The automobile collision that gave rise to this indictment occurred in the City of Marietta on November 9, 1996. The Defendant filed several Motions For Continuance. The Motions For Continuance were granted by the Court in order to allow the Defendant's injuries to sufficiently heal to enable him to stand trial. No substantive Pre-Trial Motions were filed by the Defendant. On September 23, 1997, the Defendant entered a guilty plea to the charge. He was sentenced by the Court on October 29, 1997. The sentence was journalized by an Entry filed on November 12 1997. The Court sentenced this Defendant to the maximum term of incarceration. This Defendant received a sentence of 18 months in prison for this offense.
A review of the presentence investigation report reveals that the Defendant was operating a motor vehicle in the City of Marietta on November 9, 1996 at approximately 7 p.m. at a high rate of speed and failed to stop at a red light at the intersection of Front and Putnam Streets. The Defendant struck the right front area of a vehicle that was traveling in an easterly direction on Putnam Street and operated by Christina Henry. Mrs. Henry had her six year old son, Eric, with her as a passenger. Both Mrs. Henry and her son were wearing seat belts. Eric Henry received visible injuries caused by broken glass and was taken to the Emergency Room at Marietta Memorial Hospital. Mrs. Henry suffered a severely sprained wrist, cuts to her hands, a cracked rib, and a seat belt burn across her chest and hips. She also suffered a broken ankle which required surgery. As a result of this surgery she will have metal screws in her ankle till the day she dies.
Neither the Defendant nor his passenger, Marla Robison, were wearing seat belts. Both were found unconscious and bloody on the floor of their vehicle in fetal positions. Marla Robison, the Defendant's wife, struck the center of the windshield with her forehead. Mrs. Robison sustained a broken leg and was admitted to Marietta Memorial Hospital. The Defendant was transported from Marietta Memorial Hospital to Grant Hospital in Columbus, Ohio for further emergency treatment. Apparently, the Defendant suffered neck and head injuries as a result of the collision.
The presentence investigation filed by the Adult Parole Authority in Washington County Probation Department reports that the officers immediately noticed an odor of alcohol coming from the breath of the Defendant and found beer cans in the Defendant's vehicle. The Defendant advised the officers that he had consumed six beers during the evening. The Defendant's speech was slurred and he displayed wide mood swings that varied from polite to aggressive to belligerent. The Defendant gave Patrolman Brewer, of the Marietta City Police Department, consent to have his blood drawn. The Defendant's blood sample was sent to the University Medical Center in Columbus, Ohio for analysis. Results received from that laboratory indicate that the Defendant's blood alcohol content was 0.189 at the time of the collision.
The Defendant gave a statement on September 24, 1997 to Officer Gilcrest of the Adult Probation Department. In that statement he admits that on the day of the accident starting at 9:00 a.m. he began visiting various bars and drinking establishments in Washington and Noble Counties. The Defendant's statement would reflect that the Defendant was at the Eagle's Club, the Barge Inn, the Dockside, the Norwood Tavern, the Fox Den in the Lower Salem area, the Whipple Tavern in Whipple, Ohio, and then finally at the Dockside a second time. The Defendant also indicated to Officer Gilcrest that he did not feel that he was intoxicated at the time of the accident.
This Defendant has an extensive record involving alcohol consumption and other criminal offenses in Washington County. Mr. Robison was convicted in Juvenile Court of OMVI and unauthorized use of motor vehicle at the age of 15. At the age of 17, he was convicted of criminal damaging and later that same year of fleeing and eluding.
His adult record of convictions is as follows:
DATE OFFENSE
6/22/86 Driving Under Suspension; No Operator's License
7/20/86 Criminal Trespass
8/1/86 Assault
11/5/86 Reckless Operation
6/1/87 Criminal Damaging
2/24/88 Assault
4/18/88 OMVI
7/1/88 Failure to Pay Fines
10/15/89 DUI
2/24/90 Operating a Motor Vehicle Under Suspension; Assured Clear Distance
12/14/90 Driving Under Suspension
5/2/91 Disorderly Conduct
10/28/91 Assault
7/13/92 Domestic Violence
11/30/92 Driving Under Suspension; No Seat Belt
6/28/93 Resisting Arrest; OMVI, No Operator's License; Unauthorized Use o License Plates; Contempt of Court for Nonpayment of Fines
6/7/94 Contempt of Court
6/30/94 Possession of Drug Paraphernalia
7/15/94 Disorderly Conduct by Fighting
11/28/94 Disorderly Conduct by Fighting; Drug Paraphernalia
12/6/96 Contempt of Court; Nonpayment of Fines
For all of the reasons set forth hereinabove the Defendant's Motion For Stay of Execution Of Sentence is not well taken and the same is hereby denied.
 ENTER: ______________________ Judge Ed Lane
Date: _______________________
cc: Attorney Spahr Attorney Schnittke
No. 97 CA 42, Washington Co.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J and Kline, J. Concur in Judgment and Opinion
For the Court
 By: ________________________ John R. Milligan, Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
John R. Milligan, retired, of the Fifth District, sitting by assignment of the Supreme Court in the Fourth District.